**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT`**
**EASTERN DISTRICT OF NEW YORK**

---

JOSE AVILA, *on behalf of himself, FLSA*
*Collective Plaintiffs, and the Class,*

                    Plaintiff,

   v.

G A V REST. CORP.,
    d/b/a GOOD EATS DINER,
JOHN KOLOMBOS,
GEORGE KOLOMBOS, and
MARIA KOLOMBOS,

                    Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

 

Plaintiff, JOSE AVILA (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, G A V REST. CORP. d/b/a GOOD EATS DINER ("Corporate Defendant"), JOHN KOLOMBOS, and GEORGE KOLOMBOS, and MARIA KOLOMBOS ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are

entitled to recover from Defendants: (1) unpaid wages due to an invalid tip credit; (2) unpaid wages, including overtime, due to time-shaving; (3) liquidated damages; and (4) attorney's fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to an invalid tip credit; (2) unpaid wages, including overtime, due to time-shaving; (3) unpaid spread of hours premium; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

3.      Plaintiff alleges on behalf of himself, and others similarly situated that Defendants willfully filed fraudulent information returns regarding Plaintiff, FLSA Collective Plaintiffs, and Class members with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434.

4.      Plaintiff further alleges on behalf of himself, and others similarly situated, that Defendants breached their contract with Plaintiff and Class members by failing to pay employer payroll taxes for Plaintiff, FLSA Collective Plaintiffs and Class members, as required by the Federal Insurance Contribution Act ("FICA").

5.      Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

8.      At all relevant times herein, Plaintiff JOSE AVILA ("Plaintiff"), was and is a resident of New York County, New York.

9.      Defendants collectively own and operate Good Eats Diner (the "Restaurant"), which is a restaurant located at 69-32 Grand Ave, Queens, New York 11378.

10.     Defendants operate the Restaurant through Corporate Defendant G A V Rest. Corp.

11.     Corporate Defendant G A V Rest. Corp. d/b/a GOOD EATS DINER is a domestic business corporation organized under the laws of New York with a principal place of business located at 69-32 Grand Ave, Maspeth, NY 11378 and an address for service of process located at 93 Kenwood Road, Garden City, New York 11580.

12.     Individual Defendant JOHN KOLOMBOS is an owner of Corporate Defendant. JOHN KOLOMBOS exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. JOHN KOLOMBOS frequently visits the Restaurant. JOHN KOLOMBOS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to JOHN KOLOMBOS directly regarding any of the terms of their employment, and JOHN KOLOMBOS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. JOHN KOLOMBOS exercised functional control over the business and financial operations of Corporate Defendants. JOHN KOLOMBOS had the power and authority

to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

13.     Individual Defendant GEORGE KOLOMBOS is an owner of Corporate Defendant. GEORGE KOLOMBOS exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. GEORGE KOLOMBOS frequently visits the Restaurant. GEORGE KOLOMBOS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to GEORGE KOLOMBOS directly regarding any of the terms of their employment, and GEORGE KOLOMBOS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. GEORGE KOLOMBOS exercised functional control over the business and financial operations of Corporate Defendants. GEORGE KOLOMBOS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

14.     Individual Defendant MARIA KOLUMBUS is chief executive officer of Corporate Defendant. MARIA KOLUMBUS exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. MARIA KOLUMBUS frequently visits the Restaurant. MARIA KOLUMBUS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class.

At all times, employees of the Restaurant could complain to MARIA KOLUMBUS directly regarding any of the terms of their employment, and MARIA KOLUMBUS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MARIA KOLUMBUS exercised functional control over the business and financial operations of Corporate Defendants. MARIA KOLUMBUS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

15.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA, NYLL, and regulations thereunder.

16.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt, front-of-house and back-of-house employees (including waiters, delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line-cooks, food preparers, stock persons, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case, as defined herein (herein, "FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in depriving employees of their wages,

5

including overtime, due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs: (i) unpaid wages due to an invalid tip credit; (ii) unpaid wages, including overtime wages, due to time shaving; (iii) liquidated damages; and (iv) attorney's fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt, front-of-house and back-of-house employees (including waiters, delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line-cooks, food preparers, stock persons,, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case, as defined herein (the "Class Period").

21.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failing to pay wages due to an invalid tip credit deduction; (ii) unpaid wages, including overtime wages, due to time-shaving; (iii) failing to pay spread of hours premium per requirement of NYLL; (iv) failing to provide proper wage statements per requirements of NYLL; (v) failing to provide proper tip notices to class members; (vi) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL; (vii) claiming a tip credit for all hours worked by Plaintiff and Class Members despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; and (viii) failing to accurately keep track of daily tips earned and maintain records thereof.

24.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

25.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Defendants and other employers throughout the state violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

b.   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d.   Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

e.   Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.   Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked;

g.   Whether Defendants properly paid employees their corresponding Spread of Hours premium as required under NYLL;

h.   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i.  Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

j.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or two hours of their work shift;

k.  Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

l.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

29.  In or around July 2021, Plaintiff JOSE AVILA was hired by Defendants to work as a waiter/busboy for Defendants' "Good Eats Diner" (the "Restaurant") located at 69-32 Grand Avenue, Queens, New York 11378. Plaintiff was employed by Defendants until in or around April 11, 2022.

30.  Throughout Plaintiff's employment with Defendants, he was compensated at a tip credit wage of $10.00 per hour. However, Defendants did not properly compensate Plaintiff for claiming this tip credit. As a result, Plaintiff was paid below the minimum wage, while Defendants claimed an invalid tip credit. Similarly, FLSA Collective Plaintiffs and Class members were compensated at an invalid tip credit rate.

31.  During his employment, Plaintiff was scheduled to work five (5) days per week as follows: Mondays, from 10:00 a.m. to 9:00 p.m.; Tuesdays and Wednesdays, from 3:00 p.m. to

9:00 p.m.; and Saturday and Sundays from 9:00 a. m. to 9:00 p.m., for a total of forty-seven (47) hours per week. Similarly, FLSA Collective Plaintiffs and Class members were regularly scheduled to work more than forty (40) hours each week.

32.     Although Plaintiff regularly worked over forty (40) hours each week, Defendants never compensated Plaintiff with overtime compensation. FLSA Collective Plaintiffs and Class members were similarly not paid overtime compensation for hours worked in excess of forty (40) per week.

33.     Defendants did not require Plaintiff to clock in or out for his shifts; instead, Plaintiff was required to write down his start and end time each day in a notebook provided by Defendants and under Defendants' complete control.

34.     At all times of Plaintiff's employment, Plaintiff was unable to take a free and clear one (1) hour meal break each shift because the Restaurant was too busy, and Defendants required Plaintiff to work during his supposed meal break. Nevertheless, Plaintiff was not paid for this time each shift. Similarly, FLSA Collective Plaintiffs and Class members were not permitted to take a free and clear one (1) hour meal break each shift because they too were required to work through these breaks, for which they were not compensated. As a result, Defendants time shaved Plaintiff, FLSA Collective Plaintiffs, and Class members significant wages, including overtime wages.

35.     At all relevant times, Defendants compensated Plaintiff at a tip credit hourly wage. Defendants were not entitled to claim any tip credit allowance under FLSA or NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two hours or 20% of the total hours worked each shift; (iii) failed to

provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

36.    Specifically, Plaintiff was required to engage more than two hours or 20% of his working time performing non-tipped related activities, including, but not limited to, filling up and restocking condiments throughout the Restaurant, cleaning the refrigerator, chairs and booths, sweeping, and mopping the Restaurant. Even though Defendants required Plaintiff, FLSA Collective Plaintiffs, and Class members to engage in non-tipped activities in excess of two hours or 20% of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

37.    At all times, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration but were never paid spread of hours premium.

38.    At all times of his employment, Plaintiff was always paid in cash and never received a paystub. Plaintiff observed that other non-exempt employees were also paid by Defendants exclusively in cash and did not receive paystubs.

39.    As a result of this policy, Defendants failed to provide Plaintiff, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5000 to Plaintiff, FLSA Collective

Plaintiffs, and Class members for each fraudulent filing, which would have to be at least once a year.

40. In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff, FLSA Collective Plaintiffs and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

41. Defendants also unjustly enriched themselves at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members by retaining monies that should have been remitted to the IRS on behalf of Plaintiff, FLSA Collective Plaintiffs and Class members.

42. As a result, Plaintiff, FLSA Collective Plaintiffs and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

43. The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff, FLSA Collective Plaintiffs and Class members 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

44. Defendants are liable to Plaintiff, FLSA Collective Plaintiffs and Class members for failing to pay FICA taxes for the wages earned by Plaintiff, FLSA Collective Plaintiffs and Class members.

45. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by NYLL.

46. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper tip notices as required by NYLL.

47.     At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and annually thereafter, as required by NYLL.

48.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

49.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

50.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

51.     Plaintiff realleges all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

52.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

54.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

55.     At all relevant times, Defendants had a policy and practice that failed to pay wages due to invalid tip credit to Plaintiff and FLSA Collective Plaintiffs

56.     At all relevant times, Defendants had a policy and practice that failed to pay proper wages, including overtime wages, to Plaintiff and FLSA Collective Plaintiffs due to time-shaving policies.

57.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

58.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, when Defendants knew or should have known such was due.

59.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

60.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

61.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid tip credit, unpaid overtime wages due to time shaving, plus an equal amount as liquidated damages.

62.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF NEW YORK LABOR LAW</u>**

63.     Plaintiff realleges all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

64.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

65.     Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the New York City minimum wage due to invalid tip credit.

66.     Defendants failed to properly notify employees of their tips and tip pooling policies, in direct violation of NYLL.

67.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

68.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper tip notices, at date of hiring and annually thereafter, as required under NYLL.

69.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

70.     Defendants knowingly and willfully operated their business with a policy of not paying employees their wages, including overtime, as required under NYLL.

71.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium, as required under NYLL.

72.     Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to

recover from Defendants unpaid wages due to an invalid tip credit, tip compensation due to invalid tip pooling, unpaid wages, including unpaid overtime wages due to time shaving, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

73. Plaintiff realleges all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

74. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

75. By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs, and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

76. Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

77. Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff, FLSA Collective Plaintiffs, and the Class for reasonable attorney's fees.

## COUNT IV

## BREACH OF CONTRACT

**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

78.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

79.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he  duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co*., 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

80.     When Plaintiff, FLSA Collectivce Plaintiffs and Class members accepted offers of employment from Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff, FLSA Collective Plaintiffs and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty to abide by the Internal Revenue Code and pay all required FICA taxes.

81.     Defendants breached this duty when they decided to pay Plaintiff, FLSA Collective Plaintiffs and Class members in cash without witholdings or deductions and not file proper W-2. As a result, Plaintiff and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf, but did not.

## COUNT V

## UNJUST ENRICHMENT

**(Brought individually and on behalf of FLSA Collective Plaintiffs and the Class)**

82.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

83.     To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

84.     Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff, FLSA Collective Plaintiffs and Class members because they will either (1) be liable to the IRS for the employer's share, or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

85.     Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff, FLSA Collective Plaintiffs and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of, Plaintiff and Class members;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages, including overtime under FLSA and NYLL;

e. An award of unpaid spread of hours pursuant to NYLL;

f. An award of unpaid wages due to invalid tip credit deductions under NYLL;

g. An award of liquidated damages as a result of Defendants' willful failure to pay wages, including overtime wages, pursuant to FLSA and NYLL;

h. An award of $5,000 in statutory damages to Plaintiff and each Class member under 26 U.S.C. § 7434;

i. Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

j. An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

k. Designation of Plaintiff as Representatives of FLSA Collective Plaintiffs;

l. Designation of Plaintiff as Representatives of the tipped Subclass members;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n.   Designation of Plaintiffs as Representatives of the Class; and

o.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: May 3, 2022                                    Respectfully submitted,
     New York, New York                    By:   /s/ *CK Lee*

                                                C.K. Lee, Esq.
                                                **LEE LITIGATION GROUP, PLLC**
                                                C.K. Lee (CL 4086)
                                                Anne Seelig (AS 3976)
                                                148 W. 24th Street, 8th Floor
                                                New York, NY 10011
                                                Tel.: 212-465-1180
                                                Fax: 212-465-1181
                                                *Attorneys for Plaintiff,*
                                                *FLSA Collective Plaintiffs*
                                                *and the Class*